United States District Court
Southern District of Texas
**ENTERED**
August 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-234 |
| | § | |
| DONNACIANA ALEJANDRA PALENCIA | § § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Donnaciana Alejandra Palencia filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (D.E. 25, 26). Now pending before the Court is the United States of America's Motion for Summary Judgment (D.E. 34), to which Movant responded (D.E. 35). The Government also filed a supplemental response (D.E. 41) following an evidentiary hearing on Movant's motion. For the reasons set forth below, the Government's motion for summary judgment (D.E. 34) is **GRANTED**, and Movant's § 2255 motion (D.E. 25) is **DENIED**.

## I. BACKGROUND

On April 17, 2015, Movant pled guilty to possession with intent to distribute 1.04 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The plea colloquy was administered by United States Magistrate Judge Jason B. Libby.

During rearraignment, Movant was advised of the charges against her, her right to a jury trial, and the rights attendant to a jury trial. 4/17/2015 Tr., D.E. 31, pp. 13–14. She was advised that she would waive all of these rights if she pled guilty. *Id.* Movant was

advised of the elements of the offense to which she was pleading guilty and the punishment she faced upon being found guilty. *Id.*, pp. 8–10, 15, 16. The magistrate also explained how Movant's sentence would be computed under the advisory Sentencing Guidelines and how this Court could impose a term of imprisonment above or below the computed guideline imprisonment range. *Id.*, pp. 10–13. The magistrate ensured that Movant had reviewed a copy of the indictment and that she understood the charges against her, the consequences of pleading guilty, and that she could not withdraw her plea if she was unhappy with the sentence imposed. *Id.*, p. 6, 13–16. The magistrate found that Movant was competent to enter a plea, no one had induced or coerced her into pleading guilty, and she was entering the plea voluntarily. *Id.*, pp. 15, 19.

In his Report & Recommendation (R&R), the magistrate summarized the facts supporting a finding of guilt and recommended that the Court accept Movant's plea and find her guilty. D.E. 16. The Court accepted the magistrate's R&R and adjudicated Movant guilty. D.E. 17. Movant was subject to a statutory mandatory minimum term of 60 months' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. § 5G1.1(b). On August 5, 2015, the Court sentenced Movant to 60 months' imprisonment, 4 years' supervised release, and a mandatory special assessment of $100. Judgment was entered August 6, 2015. D.E. 22.

Movant did not appeal. The judgment therefore became final on August 20, 2015, the last day on which Movant could have filed a timely notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i). Movant filed the present motion on January 15, 2016. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant claims her trial counsel was constitutionally ineffective because he: (1) failed to file a notice of appeal after she instructed him to do so; (2) coerced Movant into pleading guilty under the provisions of a plea agreement in which she waived her right to appeal or file a § 2255 motion; (3) failed to offer any mitigating evidence at sentencing; and (3) put up no defense at all.

## III. LEGAL STANDARDS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

### B. Ineffective Assistance of Counsel

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was objectively unreasonable, that is, outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## IV. ANALYSIS

### A. Failure to File Notice of Appeal

Movant claims that, after the sentencing hearing, she "advised her Counsel that she wished for him to file a direct appeal. Her Counsel informed her that she did not have grounds for an appeal and that she waived her right to a direct appeal. [Movant] again stated that she wished to prosecute a direct appeal." D.E. 26, p. 11. However, counsel failed to file a notice of appeal on Movant's behalf.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. Moreover, a pro se movant need not state the grounds on which he would have appealed, had the opportunity not been denied. *Rodriguez v. United States*, 395 U.S. 327, 330 (1969).

The Court appointed counsel for Movant and held an evidentiary hearing on this claim on May 20, 2016. At the hearing, Movant testified that after her sentencing, trial counsel asked her whether she wanted to appeal, but she did not give him a yes or no answer. 5/20/2016 Tr., D.E. 40, pp. 6–7. Movant decided to appeal the following day and tried calling counsel several times over the next three weeks, but she did not speak to him. *Id.*, pp. 7–8. Movant never left a message and did not send him any written communication. *Id.*, pp. 8, 16. After her sentencing hearing, she never had contact with counsel again. *Id.*, p. 10. Trial counsel testified that after Movant's sentencing, he advised her of her right to appeal. *Id.*, p. 12. When he asked her whether she wanted to appeal, she did not request an appeal. *Id.* Counsel did not receive any phone calls, messages, or correspondence from Movant requesting that he file a notice of appeal. *Id.*, p. 13.

The uncontroverted evidence is that Movant did not instruct trial counsel to file a notice of appeal. Based on this record, the Court finds that this claim is meritless and does not entitle Movant to relief.

### B. Coercion to Accept a Plea Agreement

Movant next complains that she entered into a plea agreement and waived her right to appeal or collaterally attack her conviction and sentence "in exchange for nothing." D.E. 26, p. 8. According to Movant, counsel was ineffective for failing to advise her that she could have received a three-level reduction for acceptance of responsibility and still preserved her right to appeal or file a § 2255 motion had she entered an open plea. Counsel also did not advise her that she would have received the same mandatory minimum sentence and preserved her right to appeal had she taken an open plea and not debriefed. Because counsel coerced her into accepting a plea agreement waiving her right to post-conviction relief, "the plea should be vacated and plea agreement voided." *Id.*

To be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, a court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). In other words, a guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The *Hill* Court held that *Strickland*'s two part test applies to claims that a guilty plea is involuntary based upon ineffective assistance of counsel. "To satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58. To prevail, a defendant must prove both prongs of the *Strickland* test. *Id.*

As set forth in Part I *supra*, the Court found Movant's guilty plea to be knowing and voluntary. The record further reflects that there was "no plea agreement with the United States and that counsel for defendant had reviewed and explained the plea agreement with the defendant and then the defendant had rejected the plea agreement." D.E. 16, p. 3; *see also* 4/17/2015 Tr., pp. 3, 7. Movant's claim that counsel coerced her to accept a plea agreement in which she waived her right to appeal or file a § 2255 motion is therefore without merit.

### C. Failure to Offer Mitigating Evidence at Sentencing

Movant further alleges that counsel was ineffective for failing to offer evidence of her mitigating circumstances at sentencing, specifically her "upbringing, her life as a single mother, her struggle with unemployment, addictions, her struggle to pay the medical expenses of children and family along with other daily expenses . . . [, and] the mental strain which was placed on her to support her family and be a provider." D.E. 26, p. 11. According to Movant, had counsel presented this evidence, the Court could have considered her circumstances under the 18 U.S.C. § 3553 sentencing factors.

As set forth in Part I *supra*, Movant was subject to a mandatory minimum 60-month term of imprisonment under 21 U.S.C. § 841(b)(1)(B). Because no amount of mitigating evidence that counsel might have offered could have affected the sentence to

be imposed, his conduct was neither deficient nor prejudicial. Movant fails to meet either prong of the *Strickland* analysis and is not entitled to relief on this claim.

### D. Failure to Offer Any Defense

Finally, Movant complains that counsel "put up no defense at all, as he filed no motions, no sentencing memorandum and provided no mitigation at all." D.E. 26, p. 12. Movant's claim that counsel was ineffective for failing to offer evidence of her mitigating circumstances at sentencing was addressed and dismissed in Part IV.C, *supra*. Movant does not specify what other motions counsel should have filed. This claim is therefore dismissed without merit.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the reasons set forth above, the Government's motion for summary judgment (D.E. 34) is **GRANTED**, and Movant's § 2255 motion (D.E. 25) is **DENIED**. Movant is further **DENIED** a certificate of appealability.

ORDERED this 2nd day of August, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE